UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRESIDENT AND FELLOWS OF )
HARVARD COLLEGE, )
 )
        Plaintiff, )
 ) CIVIL ACTION
   v. ) NO. 16-11249-WGY
 )
MICRON TECHNOLOGY, INC., )
 )
        Defendant. )

YOUNG, D.J.                                               January 30, 2017

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

The President and Fellows of Harvard College ("Harvard") filed this lawsuit against Micron Technologies, LLC ("Micron"), alleging infringement of two of Harvard's patents: the 6,969,539 patent ("'539 Patent") and the 8,334,016 patent ("'016 Patent").[1] Compl. ¶¶ 4, 22, 38, ECF No. 1. These patents protect particular methods and materials for completing atomic layer disposition ("ALD"), a process by which a thin film is applied to microelectronics to improve their functioning. Id. at ¶¶ 11-13. Harvard alleges that Micron uses certain chemical

---

[1] Both patents are entitled "Vapor Deposition of Metal Oxides, Silicates and Phosphates, and Silicon Dioxide."

precursors and processes claimed by the '539 Patent and '016 Patent to perform ALD on computer chips that Micron manufactures. Id. at ¶¶ 15-16, 23-27, 39-43, 57-62.

Micron filed a motion to dismiss for failure to state a claim, Micron Technology, Inc.'s Mot. Dismiss Compl., ECF No. 19, arguing that Harvard had not pleaded sufficient facts to suggest that Micron uses the patented ALD processes, Def. Micron Technology, Inc.'s Mem. Law. Supp. Mot. Dismiss ("Def.'s Mem. Mot. Dismiss") 4, ECF No. 20. In its complaint, Harvard relied on two publications suggesting Harvard's patented ALD precursors are commonly used to create the type of film found on Micron's computer chips. Compl. ¶ 35. Micron argued this reliance failed to establish plausibility that Micron *actually* used the patented technology because the articles did no more than indicate that such patented precursors are "common." Def.'s Mem. Mot. Dismiss 2-3. This Court granted Micron's motion, dismissing Harvard's complaint with leave for Harvard to file for leave to file an amended complaint within 30 days. Tr. Mot. Dismiss 8:21-9:11, ECF No. 31. Harvard has now moved for such leave, Pl.'s Mot. Leave File Am. Compl. Fed. R. Civ. P. 15(a)(2) ("Mot. Leave"), ECF No. 35, and filed the proposed amended complaint, Mot. Leave, Ex. 1, Am. Compl. 2-32, ECF No. 35-2. The parties have fully briefed the issues. Pl.'s Mem. Supp. Mot. Leave File Am. Compl. Fed. R. Civ. P. 15(a)(2), ECF No. 36;

[2]

Harvard's Reply Supp. Mot. Leave. File Am. Compl. ("Pl.'s Reply"), ECF No. 45; Def. Micron Technology Inc.'s Opp'n Pl.'s Mot. Leave File Am. Compl. ("Def.'s Opp'n"), ECF No. 39; Micron's Sur-Reply Opp'n Harvard's Mot. Leave File Am. Compl., ECF No. 48.

**II. ANALYSIS**

Micron argues that Harvard's proposed amended complaint fails to cure the deficiencies of the original. Def.'s Opp'n 4-14. Harvard responds that it sufficiently states a claim. Pl.'s Reply 1-6. This Court concludes that Harvard's proposed amended complaint merits granting Harvard leave to file.

A party may amend its pleading by leave of the court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court ought grant leave to amend unless such an amendment was made in bad faith, was unduly delayed, or would prove futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

An amended complaint is futile "if the pined-for amendment does not plead enough to make out a plausible claim for relief." HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014). To assess futility, a court applies the same legal standard as that of a motion to dismiss for failure to state a claim, Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); that is, whether the plaintiff has pleaded

[3]

"enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[5] A plaintiff need not prove that he or she will prevail at trial, but must establish more than simply a possibility of entitlement to relief. See García-Catalán v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013).

As argued by Micron, Harvard's amended complaint is largely identical to its original complaint. See Def.'s Opp'n 4. A notable difference, however, is Harvard's reference to the 8,394,725 patent held by Micron ("'725 Patent").[6] Am. Compl. ¶¶ 44 n.15, 68 n.37, 78 n.43, 82 n.45. This alteration of Harvard's complaint is substantial. The previous iteration of the complaint did not successfully link Micron to use of the patented ALD precursors; instead, it merely suggested use of those precursors is common, without indicating what "common"

---

[5] Historically, patent infringement pleadings were controlled by Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure. See, e.g., K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013). In December 2015, however, the Supreme Court abrogated Form 18. Lyda v. CBS Corp., 838 F.3d 1331, 1337 n.2 (Fed. Cir. 2016). Although no circuit has yet ruled on the issue, many district courts have held that in the absence of Form 18, patent infringement pleadings now are held to the "plausibility" standard described in Twombly. See, e.g., Rampage LLC v. Global Graphics SE, No. 16-cv-10691-ADB, 2017 WL 239328, at *2 (D. Mass. Jan. 19, 2017) (Burroughs, J.).

[6] Entitled "Systems and Methods for Forming Metal Oxide Layers."

[4]

means. Compl. ¶¶ 53, 56, 60, 62; <u>see also</u> Tr. Mot. Dismiss 6:7-16. Harvard admitted there are multiple methods of achieving the film found on Micron's chips, and Harvard had no way of demonstrating Micron used the patented "common" method and not one of the other procedures. Tr. Mot. Dismiss 5:13-6:16. Hence, all Harvard plausibly could argue with regard to Micron is that Micron's chips possessed a film (which itself is not patented), and Harvard's patented method is one of a number of possible ways to create that film. That is, Harvard suggested that it is possible that Micron uses Harvard's patented precursors without rendering it plausible that Micron does so. A complaint that merely argues it is possible the defendant infringes is insufficient under the <u>Twombly</u> standard. <u>See Garcia-Catalan</u> 734 F.3d at 104-05.

In its amended complaint, however, Harvard does more than simply state that Micron might use the patented method because it is common. Harvard alleges that Micron has publicly contemplated using the patented precursors, as evidenced by Micron's own patents. Am. Compl. ¶ 44. In the '725 Patent, Micron suggests using alkylamides as an ALD precursor. Def.'s Opp'n, Ex. B, '725 Patent col.5, ll.24-30, ECF No. 39-3. Alkylamides are amongst the precursors encompassed by claim 24 of Harvard's '539 Patent. Compl., Ex. B, '539 Patent col.32, ll.17-22. This explicit identification of a patented precursor

[5]

makes it plausible to believe that Micron infringed upon the '539 Patent, and that plausibility is all that is needed to survive a motion to dismiss, see Twombly, 550 U.S. at 559-60.

Because the amended complaint survives the Twombly standard, its filing would not be futile. See HSBC, 745 F.3d at 578. Allowing Harvard to file its amended complaint would not do injustice to Micron, nor has the amended complaint been filed with undue delay or in bad faith. Accordingly, this Court ought freely grant leave to amend. See Foman, 371 U.S. at 182.

To be clear, Harvard's complaint is nearly identical to the previous iteration and still contains references to its precursors being common without any indication of what "common" means, Am. Compl. ¶¶ 42, 45, 68, 78, 82. These allegations remain problematic. Nonetheless, because of the new reference to Micron's patent, Harvard has pushed its complaint from possible to plausible, all that is required for the amended complaint to be deemed non-futile. HSBC, 745 F.3d at 578.

### III. CONCLUSION

Because Harvard's amended complaint states plausible grounds for relief, this Court GRANTS Harvard leave to file its amended complaint, ECF No. 35.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE