```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 16-11249-WGY |
| MICRON TECHNOLOGY, INC., ) ) | |
| Defendant. ) ) | |

YOUNG, D.J.                                            August 30, 2017

**MEMORANDUM & ORDER**

## I.    INTRODUCTION

President and Fellows of Harvard College ("Harvard") has brought this action against Micron Technology, Inc. ("Micron"), alleging that Micron infringed two of Harvard's patents. Micron previously filed a motion to dismiss for failure to state a claim, which this Court granted without prejudice. Harvard then filed an amended complaint. About five months later, the Supreme Court issued its decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), affirming its previous opinion regarding where a corporate defendant resides for venue purposes in patent infringement actions. Micron now moves to dismiss Harvard's amended complaint for improper venue, arguing that TC Heartland constituted a change in the law that

ought be given retroactive effect. Harvard opposes, arguing that because TC Heartland merely reaffirmed a previous Supreme Court holding, the decision is not intervening law sufficient to preclude Micron's waiver of its venue challenge. Because TC Heartland has resulted in a deluge of similar motions in other patent cases, this Court takes the opportunity to explain its reasoning for denying Micron's motion to dismiss.

### A. Procedural History

Harvard initially filed a complaint against Micron on June 24, 2016. Compl., ECF No. 1. Micron responded on August 15, 2016, moving to dismiss the complaint for failure to state a claim. Micron's Mot. Dismiss Compl., ECF No. 19. After an oral hearing, the Court granted this motion on October 13, 2016, giving Harvard thirty days to file a motion for leave to file an amended complaint. Electronic Clerk's Notes, ECF No. 33.

On November 14, 2016, Harvard moved for leave to file an amended complaint, Pl.'s Mot. Leave File Am. Compl., ECF No. 35, which Micron opposed, Def. Micron's Opp'n Pl.'s Mot. Leave File Am. Compl., ECF No. 39. On January 30, 2017, this Court granted Harvard leave to file its amended complaint. Mem. and Order, ECF No. 49. Harvard filed its amended complaint that same day. Am. Compl., ECF No. 50.

On February 10, 2017, Micron filed a motion to stay the action, pending inter partes reviews by the United States Patent

and Trademark Office of the patents at issue in this case. Def. Micron's Mot. Stay, ECF No. 54. On February 27, 2017, Micron answered Harvard's amended complaint. Micron's Answer Harvard's Am. Compl., ECF No. 58. On March 20, 2017, Micron filed an amended answer and counterclaim to Harvard's amended complaint. Micron's First Am. Answer Harvard's Am. Compl., ECF No. 69.

On March 30, 2017, this Court held a motion hearing regarding Micron's motion to stay. Electronic Clerk's Notes, ECF No. 71. At that time, Micron withdrew the motion to stay and the Court held a scheduling conference, putting the case on the running trial list for April 2018. Id. The following day, Harvard filed an answer to Micron's counterclaim. Harvard's Answer Countercl. Micron, ECF No. 70.

On May 31, 2017, Micron filed a supplemental notice of request for inter partes review. Def. Micron's Suppl. Notice Req. Inter Partes Review, ECF No. 80.

On June 2, 2017, Micron filed the instant motion to dismiss for improper venue. Micron's Rule 12(b)(3) Mot. Dismiss Improper Venue, ECF No. 83. The parties fully briefed the issues. Pl.'s Opp'n Def. Micron's Rule 12(b)(3) Mot. Dismiss Improper Venue ("Pl.'s Opp'n"), ECF No. 86; Pl.'s Sur-Reply Opp'n Def. Micron's Rule 12(b)(3) Mot. Dismiss Improper Venue ("Pl.'s Sur-Reply"), ECF No. 93; Def. Micron's Mem. Law Supp. Rule 12(b)(3) Mot. Dismiss Improper Venue ("Def.'s Mem."), ECF

No. 84; Def. Micron's Reply Supp. Mot. Dismiss Improper Venue ("Def.'s Reply"), ECF No. 89. After hearing oral arguments on July 24, 2017, this Court took the matter under advisement. Electronic Clerk's Notes, ECF No. 96.

### B. Background

Harvard is chartered by and has its principal place of business in the Commonwealth of Massachusetts. Am. Compl. ¶ 1. Micron is incorporated in Delaware and has its principal place of business in Idaho. Id. ¶ 2; Def.'s Mem. 1. Harvard has sued Micron under the patent laws of the United States, Am. Compl. ¶ 3, alleging that Micron has committed acts of patent infringement within the Commonwealth, id. ¶ 4. Harvard has alleged that venue is proper in this district pursuant to 28 U.S.C. sections 1391(b) and 1400. Id. ¶ 5.

## II. ANALYSIS

Micron argues this Court ought dismiss Harvard's amended complaint due to improper venue, Def.'s Mem. 5-6, because Micron has not waived this argument, id. at 6-7. Harvard responds that Micron has waived the challenge. Pl.'s Opp'n 6-10.

### A. Legal Standard

In patent infringement actions, venue is proper "in the judicial district where a defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A

[4]

party may move to dismiss an action for improper venue, Fed. R. Civ. P. 12(b)(3), but venue is a personal privilege of the defendant that can be waived, Leroy v. Great W. United Corp., 442 U.S. 173, 180 (1979). Accordingly, a defendant must raise improper venue in a motion prior to, or in, a responsive pleading to avoid waiver. Fed. R. Civ. P. 12(h)(1). A party cannot, however, waive a defense if that defense was not available at the time of the earlier motion. Fed. R. Civ. P. 12(g)(2).

**B.   Waiver of Challenge to Venue**

The parties essentially dispute whether Micron waived its ability to challenge venue by failing to include an objection to venue in its August 15, 2016 motion to dismiss. Pl.'s Opp'n 6-10; Pl.'s Sur-Reply 1-7; Def.'s Mem. 6-7; Def.'s Reply 2-6. Micron argues that its improper venue challenge was not available until after the Supreme Court published TC Heartland. Def.'s Reply 2-5. Harvard counters that Micron's improper venue defense has been available throughout this suit because TC Heartland only affirmed a previous Supreme Court precedent. Pl.'s Sur-Reply 2-7.

The Federal Circuit applies the regional circuit's standard to address a procedural issue "'unless the issue pertains to or is unique to patent law.'" Intel Corp. v. Commonwealth Sci., 455 F.3d 1364, 1369 (Fed. Cir. 2006) (quoting Sulzer Textil A.G.

[5]

v. Picanol N.V., 358 F.3d 1356, 1363 (Fed. Cir. 2004)). Accordingly, the regional circuit's precedent decides the question of waiver. Riverwood Int'l Corp. v. R.A. Jones & Co., Inc., 324 F.3d 1346, 1352 (Fed. Cir. 2003). In the First Circuit, defendants must object to venue "'in their first defensive move, be it a Rule 12 motion or a responsive pleading.'" Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 691-92 (1st Cir. 1992) (quoting Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983)). Otherwise, they have "'effectively . . . waived [their] right to obtain a dismissal on the ground of lack of venue.'" Id. (quoting Wright & Miller, Federal Practice and Procedure § 1352 at 273-74 (1990)). There is an exception, however, for any defense that was not available when the defendant made their first defensive move. Glater, 712 F.2d at 738-39 (holding that a defense was not originally available where it depended on facts of which a defendant did not and could not have been expected to have been aware); see also Holzsager v. Valley Hosp., 646 F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made.").

[6]

### 1. TC Heartland

On May 22, 2017, the Supreme Court published its opinion in TC Heartland. The decision examined the question of where proper venue lies for a patent infringement lawsuit brought against a domestic corporation. TC Heartland, 137 S. Ct. at 1516. More particularly, the court determined the scope of the patent venue statute, 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."). TC Heartland, 137 S. Ct. at 1517. In 1957, the Supreme Court had interpreted this same section, "conclud[ing] that for purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation." Id. (citing Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 226 (1957)).

This decision was never overruled by the Supreme Court, nor was section 1400(b) amended by Congress. In 1990, however, the Federal Circuit issued a decision interpreting Congress's 1988 amendment to the general venue statute, 28 U.S.C. § 1391(c), as redefining the term "resides" in section 1400(b). Id. at 1519-20 (citing VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1578-80 (Fed. Cir. 1990), cert. denied, 499 U.S. 922 (1991)).

Congress again amended section 1391 in 2011. Id. at 1520 ("Except as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." (quoting 28 U.S.C. § 1391)). Based on this amendment, the Federal Circuit reaffirmed its decision in VE Holding. Id. The Supreme Court, however, reversed the Federal Circuit, noting:

> In Fourco, this Court definitively and unambiguously held that the word "reside[nce]" in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation. Congress has not amended § 1400(b) since Fourco, and neither party asks us to reconsider our holding in that case. Accordingly, the only question we must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391.

Id. (alteration in original). The court went on to emphasize that "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted by Fourco," id., and that "there is no indication that Congress in 2011 ratified the Federal Circuit's decision in VE Holding. If anything, the 2011 amendments undermine that decision's rationale," id. at 1521.

In the wake of TC Heartland, a number of district courts have grappled with the question of whether the decision is intervening law, rendering an improper venue defense unavailable prior to its publication. The majority have held that TC Heartland does not qualify as intervening law. See, e.g.,

[8]

Reebok Int'l Ltd. v. TRB Acquisitions LLC, No. 3:16-cv-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("The defendant in TC Heartland believed the defense of improper venue was still available notwithstanding intervening decisions from the Federal Circuit, asserted that defense, and successfully prevailed . . . . Accordingly, the defense of improper venue was not impossible or otherwise unavailable to Defendants."); Navico, Inc. v. Garmin Int'l, Inc., No. 2:16-CV-190, 2017 WL 2957882, at *3 (E.D. Tex. July 11, 2017) ("TC Heartland cautions against analogizing to cases in which courts sometimes allow litigants to raise new arguments after the Supreme Court divines a previously unannounced rule or standard. Defendants here could have relied on 'definitive[] and unambiguous[]' Supreme Court precedent . . . . other litigants did exactly that." (alterations in original) (citations omitted)); Realtime Data LLC v. Carbonite, Inc., No. 6:17-CV-121 RWS-JDL, slip op. at 3 (E.D. Tex. July 11, 2017) ("This Court agrees with decisions holding that 'TC Heartland does not qualify for the intervening law exception to waiver because it merely affirms the viability of Fourco.'" (quoting Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017))); Diem LLC v. BigCommerce, Inc., No. 6:17-CV-186-JRG-JDL, slip op. at 3 (E.D. Tex. July 6, 2017) (same); Infogation Corp. v. HTC Corp., No. 16-cv-01902-H-

JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Court . . . holds that that the Supreme Court's decision in TC Heartland does not excuse Defendants' waiver as to venue in this District."); Tinnus Enters., LLC v. Telebrands Corp., No. 6:15-CV-00551-RC, slip. op. at 2 (E.D. Tex. July 5, 2017) ("[T]he Supreme Court's decision in TC Heartland is not an intervening change of law."); The Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd., No. 16 C 6097, slip. op. at 2-3 (N.D. Ill. June 28, 2017) ("The conflict between Fourco and VE Holding was a defense that was available to Moving Defendants just as easily as it was to the plaintiff in TC Heartland."); iLife Techs., Inc. v. Nintendo of Am., Inc., No. 3:13-cv-04987, 2017 WL 2778006, at *5, 7 (N.D. Tex. June 27, 2017) ("TC Heartland does not qualify as an intervening change in law . . . ."); Elbit, 2017 WL 2651618, at *20 ("TC Heartland does not exempt [defendant] from the waiver that occurred when [defendant] left the venue defense out of its motion to dismiss for failure to state a claim."); Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15cv21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("Based on the Supreme Court's holding in TC Heartland, Fourco has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957.").

A handful of district courts have gone the other way. See, e.g., Simpson Performance Products, Inc. v. Mastercraft Safety,

[10]

Inc., No. 5:16-CV-00155-RLV-DCK, 2017 WL 3620001, at *5-7 (W.D.N.C. Aug. 22, 2017); Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC, No. 3:16-cv-63, 2017 WL 3479504, at *3-4 (E.D. Tenn. Aug. 14, 2017); Cutsforth, Inc. v. Lemm Liquidating Co., No. 12-cv-1200 (SRN/LIB), 2017 WL 3381816, at *3-4 (D. Minn. Aug. 4, 2017); OptoLum, Inc. v. Cree, Inc., No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *3-5 (D. Ariz. July 24, 2017); Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). In Westech, the court noted:

> TC Heartland changed the venue landscape. For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to a court's personal jurisdiction but where it is not incorporated and has no regular and established place of business. Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.

Id.; accord OptoLum, 2017 WL 3130642, at *3. In contrast, Judge Gorton -- in this Court's district -- has reasoned:

> Since 1957, the Supreme Court has consistently held that venue in patent cases is determined by 28 U.S.C. § 1400(b). The Federal Circuit is not empowered to overturn a decision of the Supreme Court. Accordingly, the objection to improper venue was available to defendant and, by not raising it, defendant waived that objection.

Amax, Inc. v. ACCO Brands Corp., No. 16-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017) (Gorton, J.) (citations omitted).

This Court declines to join the majority view simply because it is the more popular approach.  The majority's analysis, however, is more persuasive.  Westech's holding suggests that the Federal Circuit has the power to overturn or abrogate Supreme Court precedent, or that the Supreme Court's denial of certiorari may be interpreted as a statement on the validity of the decision below, Westech, 2017 WL 2671297, at *2; an idea this Court hesitates to encourage, as it likely conflicts with Supreme Court jurisprudence, see, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents."); United States v. Carver, 260 U.S. 482, 490 (1923) ("The denial of a writ of certiorari imports no expression of opinion upon the merits of the case . . . ."). Accordingly, this Court adopts the majority's approach, holding that TC Heartland does not qualify as intervening law.

### 2. Equity

Waiver is not a procedural game, but rather an equitable doctrine, cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982) (holding that compliance with requirements to file a Title VII suit be waived "when equity so requires"), which allows a court discretion to transfer venue when justice so requires, see 28 U.S.C. §§ 1404, 1406.  Thus, where circumstances urge transfer despite waiver, this Court has

obliged, understanding that the patent venue landscape prior to TC Heartland was not understood with the same clarity that we benefit from today. See, e.g., SecureNet Sols. Grp., LLC v. Panasonic Corp. of N. Am., No. 1:17-cv-10732-WGY (D. Mass. June 22, 2017) (order granting motion to transfer where defendant initially moved to transfer venue to District of New Jersey, then withdrew motion when parties agreed to transfer to District of Massachusetts); see also Hand Held Prods., Inc. v. Code Corp., No. 2:17-167-RMG, 2017 WL 3085859, at *3-4 (D.S.C. July 18, 2017) (holding that "even if TC Heartland was not a change in law," equity merited holding defendant had not waived venue challenge).  Here, however, equity does not dictate that this Court allow Micron's belated challenge.  Thus, because Micron filed a motion to dismiss in August 2016, but did not assert an objection to venue, Micron waived any challenge to venue.  See Manchester Knitted, 967 F.2d at 691-92.

### III. CONCLUSION

For the foregoing reasons, this Court DENIES Micron's motion to dismiss, ECF No. 83.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE